UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

                Plaintiff,

-against-

JOSEPH R. BIDEN, ET AL.,

                Defendants.

23-CV-8440 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se* asserting claims about federal and local government policies relating to immigrants. On November 6, 2023, the Court dismissed the complaint for lack of standing and, as to some claims, on the ground that he raised nonjusticiable political questions. Plaintiff moved for reconsideration of the order of dismissal on November 13, 2023 (ECF 8), and on February 13, 2024, he submitted additional information about the Articles of Impeachment against the Secretary of the Department of Homeland Security (DHS), Alejandro N. Mayorkas (ECF 9).

    The Court liberally construes these submissions as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

    A party who moves to alter or amend a judgment Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc.*

*v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

Plaintiff argues that the Biden administration is ignoring requirements that the temporary parole authority be used only on a case-by-case basis for "urgent humanitarian reasons or significant public benefit." (ECF 8 at 3.) Instead, guidance to border patrol agents claims broad prosecutorial discretion to "ignore the requirements of the immigration laws." (*Id.*)

Plaintiff contends that the Court erred in determining that he lacked standing because border policies have led to "a dangerous and unsafe situation" that is "happening to all New Yorkers, including Plaintiff. The fact that millions of people are also suffering the same way, does not take away from Plaintiff's standing if he suffers too." (*Id.* at 9-10.)

Plaintiff relies on *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), in which the Supreme Court held that in order to demonstrate standing, a plaintiff must establish, among other things, that plaintiff seeks a remedy that redresses that injury. The Supreme Court concluded that an award of nominal damages, by itself, can redress a past injury. Here, the Court did not hold that Plaintiff lacked standing because he failed to seek a remedy that would redress his alleged injury. Instead, the Court held that Plaintiff failed to establish an injury-in-fact because the alleged harms he identified were generalized, abstract, and widely shared.[1] The Supreme Court's decision in *Uzuegbunam* thus does not require a different result.

---

[1] *See, e.g., Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 194 (2d Cir. 2001) ("[A] voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared . . . ."); *Collins v. Merrill*, 2016 WL 7176651, at *2 (S.D.N.Y. Dec. 7, 2016) (finding that plaintiff

Plaintiff also seeks reconsideration of the Court's holding that his attack on "the Biden Administration's misguided policies" (such as ending funding for a wall along the southwest border of the United States and terminating the Covid-era "wait in Mexico" policy) challenged policy choices and value determinations constitutionally committed to the Legislative and Executive Branches and were not justiciable. (ECF 7 at 6.) Plaintiff argues in his reconsideration motion that "if there is clear Congressional legislation in effect, then the Court is the right place to go to get justice and the correct interpretation of the Congressional legislation." (ECF 8 at 15.) The political question doctrine was an additional basis for dismissing Plaintiff's claims covered by that doctrine; Plaintiff's motion does point to any claims that he has standing to pursue that were incorrectly dismissed under the political question doctrine. Because Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters that alter the result, the Court denies Plaintiff's motion under Rule 59(e).[2]

This action remains closed, and the Court therefore declines to reconsider the order denying emergency injunctive relief.

## CONCLUSION

Plaintiff's motion for reconsideration is denied, and the Clerk of Court is directed to terminate the motion (ECF 8).

---

lacked standing to challenge certification of the Electoral College vote where her complaint was "premised entirely on alleged injuries that [p]laintiff shares with the general voting population").

[2] Plaintiff has also objected to the Court's determination, relying on *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962), denying *in forma pauperis* (IFP) status on appeal. The Court notes that even where the district court denies IFP status on appeal, a litigant can seek leave from the court of appeals to proceed IFP on appeal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 9, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge